UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCTAYVIOUS J. LEWIS,

      Plaintiff,

v.

RICHARD K. ROSEN A/K/A RICK ROSEN,

      Defendant.

Case No. 2:25-cv-11834

Hon. Brandy R. McMillion

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Octayvious J. Lewis ("Lewis") brings this *pro se* civil action against Defendant Richard K. Rosen ("Rosen") relating to a failed real estate deal between the parties. *See generally* ECF No. 1. After reviewing the Complaint, the Court **SUMMARILY DISMISSES** this case pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court finds that Lewis has failed to state a federal claim for which relief can be granted, and his state law claims should be litigated in state court.

I.

Lewis and his wife reside at a property located in Shelby Township, Michigan (the "Subject Property"). *See* ECF No. 1, PageID.1-2. Rosen is a licensed real estate broker who operates out of Clinton Township and Troy, Michigan. *Id*. at PageID.1. At some point, Lewis engaged Rosen for the sale of the Subject Property. *Id*. at PageID.2. However, Lewis claims that the contract between the parties is invalid

1

because it did not include Lewis's correct legal name and Rosen failed to offer a spousal waiver. *Id*. Lewis alleges that despite the invalidity of the parties' contract, Rosen still listed the Subject Property on the MLS without valid authority and falsely representing that he was contractually entitled to list the property. *Id*. According to the Complaint, Rosen sought to coerce Lewis into accepting a lowball offer for the property and when Lewis refused, Rosen demanded a 6% commission for the offer. *Id*. Lewis claims Rosen actions were unlawful and brings the following claims:

- Count I (Fraud): Violation of 18 U.S.C. § 1001, MCL 750.218 and common law fraud
- Count II (Wire Fraud): Violation of 18 U.S.C. § 1343
- Count III (Extortion and Coercion): Violation of MCL 750.213, 750.248
- Count IV (Solicitation to Commit a Felony): Violation of MCL 750.157b
- Count V (Breach of Fiduciary Duty): Violation of MCL 339.2501-339.2518
- Count VI (Civil Conspiracy)

*Id*. at PageID.3. Lewis seeks damages, injunctive and declaratory relief. *Id*. at PageID.3-4.

## II.

Under Federal Rule of Civil Procedure 12(h)(3), if the "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Houston v. Garland*, No. 2:22-CV-13036, 2023 WL 3212335, at *2 (E.D. Mich. May 2, 2023), *aff'd*, No. 23-1530, 2024 WL 1925936 (6th Cir. Jan. 26,

2024). Typically, when it finds dismissal is in order, the Court should "notify the parties of its intent to dismiss the complaint and give the plaintiff an opportunity to amend the complaint or otherwise respond to the stated reasons." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

However, there is a "small exception" to the rule requiring opportunity to amend or respond: a Court may "at any time" dismiss a fee-paid complaint *sua sponte* for failure to invoke subject-matter jurisdiction without leave to amend "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* This standard requires more than mere skepticism as to "a plaintiff's ability to ultimately state a claim under Rule 12(b)(6)." *Zareck v. Corr. Corp. of Am.*, 809 F. App'x 303 (6th Cir. 2020). Ultimately, dismissal is appropriate under this standard in "only the rarest of circumstances." *Apple*, 183 F.3d at 480.

Although the Court should remain mindful that *pro se* complaints are to be construed liberally, *pro se* complaints "must still satisfy the subject matter jurisdiction requirement." *Lopez v. Benson*, No. 24-10916, 2024 WL 3740115, at *1 (E.D. Mich. June 6, 2024).

### III.

The Complaint alleges both federal and state law claims; but the only federal claims alleged are pursuant to criminal statutes. *See* ECF No. 1, PageID.3 (Count I

3

– Fraud in violation of 18 U.S.C. § 1001 and Count II – Wire Fraud in violation of 18 U.S.C. § 1343). These claims fail because only proper governmental authorities can enforce criminal laws, and private parties have no right to do so. *See Am. Post Workers Union, AFL-CIO v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973); *Assoc. Builders & Contractors v. Perry*, 16 F.3d 688, 692 (6th Cir. 1994) ("[P]rivate citizen[s] lack[] a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Lee v. Stewart*, No. 20-5952, 2021 WL 6932349 (6th Cir. Aug. 24, 2021). The same is true of the state law criminal statutes as well. *See* ECF No. 1, PageID.3 (Count I – Fraud in violation of MCL 750.218, Count III – Extortion and Coercion in violation of MCL 750.213, 750.248, and Count IV – Solicitation to Commit a Felony in violation of MCL 750.157b). Consequently, each of these claims must be dismissed with prejudice.

That leaves Lewis's claims for Common Law Fraud (Count I), Breach of Fiduciary Duty (Count V) and Civil Conspiracy (Count VI). All of these are state law claims. *See* ECF No. 1, PageID.3. District courts have discretion to decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Given the dismissal of the federal claims, the Court declines to exercise supplemental jurisdiction over Lewis's state law claims. Therefore, the Court

4

dismisses those claims without prejudice and instructs Lewis that he can refile those claims in state court if he so desires.

## IV.

Accordingly, Counts I, II, III, and IV are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  The common law fraud, breach of fiduciary duty and civil conspiracy state law claims are **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Plaintiff so desires.

**IT IS SO ORDERED**.

Dated: July 10, 2025                                              s/Brandy R. McMillion
                                                                                               HON. BRANDY R. MCMILLION
                                                                                               U.S. District Judge